**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karl John Cascketta,<br><br>    Movant,<br><br>v.<br><br>USA,<br><br>    Respondent. | No. CV-16-02042-PHX-JAT (JZB)<br>CR-09-678-PHX-JAT-2<br><br>**ORDER** |

## I. Background

On June 23, 2016, Movant filed a Motion to Vacate, Set Aside, or Correct his sentence ("Motion to Vacate"). On November 14, 2016, the Magistrate Judge to whom this case was assigned stayed consideration of the Motion to Vacate pending two Supreme Court decisions.

On May 7, 2018, the Government moved to lift the stay and to dismiss the Motion to Vacate. (Doc. 11). Movant has appointed counsel in this case. Counsel responded to the Government's motion. (Doc. 14). After Movant's counsel responded to the Government's motion, Movant moved for the appointment of new counsel. (Doc. 15).

Currently pending before the Court is the Report and Recommendation ("R&R") from the Magistrate Judge recommending that the Motion to Vacate be denied. (Doc. 16). Movant's appointed counsel did not file objections to the R&R. However, Movant, pro se, has filed objections. (Docs. 17 and 18).

## II. Review of R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Because Movant has counsel in this case, the Court need not consider his pro se objections. Nonetheless, the Court will consider de novo whether the objections impact the result of this case.

## III. Discussion

Preliminarily, after the R&R was issued, the Ninth Circuit Court of Appeals decided *United States v. Blackstone*, No. 17-55023, 2018 WL 4344096 (9th Cir. Sept. 12, 2018). Based on the Court of Appeals decision in *Blackstone*, it is likely that Movant's Motion to Vacate in this case is untimely. Nonetheless, because neither party briefed this issue, the Court will consider the merits of the Motion to Vacate.

Based on the Ninth Circuit Court of Appeals opinion in *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018), the Court agrees with the R&R that Movant's motion fails on the merits. (Doc. 16 at 3-4). Movant's objections (Docs. 17 and 18) do not change this analysis. Further, the Court agrees with the R&R, that new counsel would

not change this analysis. (*See* Doc. 16 at 4).

**IV.    Conclusion**

Thus, based on the foregoing,

**IT IS ORDERED** that the Government's Motion (Doc. 11) is granted to the extent specified herein.

**IT IS FURTHER ORDERED** that Movant's motion to appoint new counsel and motion for continuance (Doc. 15) are denied.

**IT IS FURTHER ORDERED** that the R&R is accepted and adopted (Doc. 16) (the objections are overruled) the Motion in this case (Doc. 1) is denied and dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Movant files an appeal, the Court denies issuance of a certificate of appealability because Movant has not made a substantial showing of the denial of a constitutional right.[1]

Dated this 19th day of October, 2018.

James A. Teilborg
Senior United States District Judge

---

[1] To the extent Movant specifically requested a certificate of appealability in his supplemental objections (Doc. 18), that request is denied.