**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-09-00678-002-PHX-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Karl John Cascketta, | |
| Defendant. | |

Pending before the Court is Karl John Cascketta's Motion for Compassionate Release (Doc. 238). The motion is fully briefed (Doc. 239, Doc. 242), and the Court allowed Cascketta to file supplemental briefing (Doc. 245), to which the government responded (Doc. 246). The Court now rules.

## I.   BACKGROUND

Cascketta is currently in the custody of the Bureau of Prisons, confined to the Lompoc USP. (Doc. 238 at 2). On May 13, 2009, Cascketta was arrested for his involvement in a string of bank robberies that took place between February and May 2009. (*See* Presentence Investigation Report ("PSR") at 3–6). On October 28, 2010, Cascketta pleaded guilty to three counts of armed bank robbery under 18 U.S.C. § 2113 and one count of use of a firearm in a crime of violence under 18. U.S.C. § 924(c), and on January 26, 2011, the Court sentenced Cascketta to 22 years' (264 months') imprisonment—180 months for the robberies followed by 84 months for brandishing a firearm—and five years of supervised release. (Doc. 198 at 1). Cascketta's projected release date is September 28,

2030. (Doc. 238 at 2). On December 21, 2020, Cascketta moved for compassionate release.

## II.    LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Compassionate release is an exception to this general rule, allowing a court to reduce a term of imprisonment if a defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1). "Section 3582(c) previously provided for compassionate release only upon motion of the [Bureau of Prisons (BOP)] Director." *United States v. Partida*, No. CR 17-08260-001-PCT-DGC, 2020 WL 3050705, at *1 (D. Ariz. June 8, 2020). Now, following the enactment of the First Step Act of 2018, a defendant may bring such a motion under § 3582(c) after first exhausting administrative remedies with the BOP. *See id.* at *2; *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *1 (D. Ariz. June 27, 2019).

For a court to grant compassionate release it must find that "extraordinary and compelling reasons warrant" a reduction in sentence "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The policy statements issued by the Sentencing Commission require a defendant to show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) lists factors for a court to consider including the nature and circumstances of the offense, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the danger that the defendant would pose to the community. *See* 18 U.S.C. § 3142(g). "A defendant bears the burden of demonstrating that he poses no danger to the community upon release." *United States v. Magana-Lopez*, No. CR-11-04200-001-TUC-RCC (JR), 2020 WL 6827766, at *4 (D. Ariz. Nov. 20, 2020).

Finally, 18 U.S.C. § 3582(c) also requires a court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" when analyzing a motion for

compassionate release.  The § 3553(a) factors include:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

*United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013) (citing 18 U.S.C. § 3553(a)). A court must find both an extraordinary and compelling reason for compassionate release and that the § 3553(a) factors warrant compassionate release. *See Magana-Lopez*, 2020 WL 3574604, at *2–5 (considering extraordinary and compelling reasons and § 3553(a) factors separately); *United States v. Platt*, No. CR 18-195-WJM, 2020 WL 3839847, at *3 (D. Colo. July 8, 2020) (same).

## III.   DISCUSSION

### a.   Administrative Exhaustion

Cascketta and the government agree that Cascketta met 18 U.S.C. § 3582(c)(1)(A)'s administrative exhaustion requirements by requesting a sentence reduction with the prison, which the warden subsequently denied. (Doc. 238 at 9, 25; Doc. 239 at 8).

### b.   Extraordinary and Compelling Circumstances

Cascketta raises two independent arguments as to why extraordinary and compelling circumstances exist in his case. First, he argues that his present health condition significantly increases his likelihood of serious medical consequences should he contract COVID-19. Specifically, Cascketta is an overweight man in his sixties with an enlarged prostate who regularly takes an immunosuppressing medication. (Doc. 238 at 12–15). His supplemental brief also notes that he suffers from pitting edema and has a history of colon polyps, hepatitis C, and psoriasis—which is an autoimmune disease. (Doc. 245 at 2–3). Second, relying on *United States v. McCoy*, Cascketta argues that his consecutive sentences also constitute extraordinary and compelling circumstances. *See* 981 F.3d 271 (4th Cir. 2020) (affirming the grant of compassionate release to four defendants who received

"stacked" sentences under 18 U.S.C. 924(c)). (Doc. 238 at 15–16).

The government disagrees on both fronts. Regarding Cascketta's medical state, the government notes that none of Cascketta's conditions have been identified by the Centers for Disease Control as causing an increased risk of serious complications from COVID-19. (Doc. 239 at 9; Doc. 246 at 2).  Regarding Cascketta's sentences, the government points out that Cascketta was convicted of only one count of brandishing a firearm under 18 U.S.C. § 924(c), so there was no "stacking" of sentences as occurred in *McCoy*. (Doc. 239 at 11). Accordingly, the government argues that no extraordinary and compelling circumstances exist, and Cascketta is not statutorily eligible for compassionate release.

The Court, however, need not resolve these disagreements. Even assuming Cascketta has shown extraordinary and compelling circumstances establishing statutory eligibility for compassionate release, as discussed below, Cascketta has failed to show that he would not be a danger to his community upon release, and the § 3553(a) factors do not weigh in his favor. The Court will therefore deny Cascketta's motion.

### c.    Potential Danger to the Community and Section 3553(a) Factors

First, Cascketta fails to meet his burden to show he will not be a danger to his community upon release. Considering the nature and circumstances of the offenses for which he is presently incarcerated, *see* 18 U.S.C. § 3142(g)(1), Cascketta's crimes were violent in nature and involved threatening bank employees with either a firearm or simulated explosive device. (PSR at 3–5). A bank employee reported that the robbery resulted in significant trauma and fear. (*Id.* at 6).

Further, Cascketta's presentence report describes that Cascketta stated he feels a "thrill" when committing crimes that he likened to "an addiction." (*Id.* at 7). This characterization is consistent with Cascketta's extensive criminal record, spanning the course of Cascketta's adult life, including several burglaries and misconduct involving weapons. (*Id.* at 11–16). For this reason, the Court is unpersuaded that Cascketta's present age will make him less likely to reoffend, especially considering that Cascketta committed the series of crimes for which he is presently incarcerated when he was 51 years old.

The Court acknowledges Cascketta's request that he be released to a halfway house or residential drug treatment facility and his statement that he is "prepared to abide by any condition of supervision that the Court believes is necessary to address concerns for danger." (Doc. 245 at 4). But this statement is undermined by Cascketta's past conduct. For example, Cascketta committed the crimes for which he is presently incarcerated while on federal supervised release following an incarceration term for counterfeiting securities. (PSR at 16). And Cascketta's rather extensive prison disciplinary record, including possession of contraband and assaulting another inmate (Doc. 239-1), indicates that Cascketta is unlikely to comply with the rules of any restrictive program outside of prison. *See United States v. Soto*, 16-CR-00138-CMA, 2020 WL 3316003, at *2 (D. Colo. June 18, 2020) (noting that a 74-year-old defendant's disciplinary record indicated an ongoing "struggle[] to adhere to rule-oriented environments").

Additionally, the Court finds that granting compassionate release in this case would not reflect the seriousness of Cascketta's offenses, promote respect for the law, or provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). To date, Cascketta has served about 11 years of his 22-year sentence. And, as discussed above, Cascketta has a serious criminal record including many similar crimes. *Cf. McCoy*, 981 F.3d at 277–79 (involving four defendants who committed crimes when they were between 19 and 24 years old, had no or a minor criminal history, and served either 17 or 25 years of their sentences). Cascketta cites numerous cases where courts granted compassionate release to a defendant who served even less time than he has (Doc. 238 at 17–18), but given his extensive criminal record and the specific facts of this case, the Court also does not find that reducing Cascketta's sentence by almost half would have the necessary deterrent effect or protect the public from further crimes by Cascketta. *See* 18 U.S.C. § 3553(a)(2)(B)–(C).

## IV.     CONCLUSION

For the foregoing reasons,

///

///

**IT IS ORDERED** that is Cascketta's Motion for Compassionate Release (Doc. 238) is **DENIED**.

Dated this 24th day of February, 2021.

James A. Teilborg
Senior United States District Judge