**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Karl John Cascketta,

Defendant.

No. CR-09-00678-002-PHX-JAT

**ORDER**

Before the Court is Defendant Karl John Casckett's Motion clarifying his request for a sentence reduction (Doc. 285). The case is briefed and the Court rules. (Docs. 285, 291). Because Defendant's argument does not change his sentencing range, and because the relevant statutory factors weigh against him, the Court will not grant a reduction.

## I. BACKGROUND

Pursuant to a plea agreement, Defendant pleaded guilty to three counts of Armed Bank Robbery and one count of Use of a Firearm During a Crime of Violence and was sentenced to 264 months of incarceration.[1] (Docs. 197, 198). According to his presentence investigation report ("PSR"), he had a subtotal of 12 criminal history points. (PSR at 9-17). Two additional points were added because Defendant was under a criminal justice sentence at the time he committed the underlying offenses in this case. (*Id*. at ¶¶ 71, 73).

With this criminal history, Defendant's recommended range was 130-162 months of imprisonment, plus an 84-month consecutive sentence for the firearm offense. In June

[1] The sentence consisted of a 180-month term to be served concurrently on the robbery counts, followed by a mandatory consecutive term of 84 months on the firearm count.

2026, he moved for a sentence reduction under Amendment 821 of the U.S. Sentencing Guidelines ("U.S.S.G.") and the Court denied that Motion. (Docs. 280, 283). Defendant then clarified that his request was based on his criminal history points. (Doc. 285). But, upon review of that history, there is no compelling reason to grant the request.

## II. ANALYSIS

The past version of the guidelines required that two criminal history points should be added if the underlying offense was committed while under a criminal justice sentence. U.S.S.G. § 4.A1.1(d) (2009). The amended version of the guidelines, however, provides that one point should be added if a defendant receives seven or more points in previous subsections and committed an offense while under such a sentence. U.S.S.G. § 4.A1.1(e). The Court has the discretion to reduce a term of imprisonment under the guidelines after considering the 18 U.S.C. § 3553 factors and policy statements from the Sentencing Commission.[2] *Dillon v. United States*, 560 U.S. 87, 827 (2010).

Here, however, the Court will not use its discretion to reduce Defendant's sentence. To begin, Defendant's argument that he should receive a lower criminal history under the amended version of the guidelines does nothing to change his situation. If the Court applied the current version of U.S.S.G. § 4.A1.1(e), Defendant's criminal history points would be 13. *See* U.S.S.G. § 4.A1.1. Although this computation would lower Defendant's criminal history *points*, it would not lower his criminal history *category* from VI to V. *See* U.S.S.G. § 5.A (showing that 13 criminal history points mandates a criminal history category of VI). The amended guidelines thus place Defendant in the same position he was in at his initial sentencing; given that, the Court perceives no reason to change the agreed-upon sentence.

Even if the unchanged guideline range and the plea agreement were not enough, the factors articulated in 18 U.S.C. § 3553(a) weigh against a reduced sentence. Defendant has a continued pattern of felony crimes, including some committed mere months from being released from a prison term. (PSR at 25-26). The intensity of Defendant's crimes indeed appears to be on the rise; he brought a firearm to his latest felony. The sentence stipulated

[2] The amended guidelines permit district courts to retroactively reduce the sentences of previously sentenced inmates. U.S.S.G. § 1B1.10.

to in the plea agreement and imposed by the Court properly considered the seriousness of the offenses, provided just punishment, and protected the public. And while previous prison sentences have not seemed to deter Defendant from further criminal actions, perhaps this longer one will. *See* 18 U.S.C. § 3553(a).

## III. CONCLUSION

Defendant's request for a sentence reduction is meritless. The amended guidelines do not alter the sentencing range that the Court previously considered, nor do they alter the 264-month sentence that the parties previously agreed to. If anything, the Court's renewed consideration of the § 3553(a) factors affirmed the appropriateness of Defendant's current sentence.

Accordingly,

**IT IS ORDERED** that Defendant's Motion clarifying his request for a sentence reduction (Doc. 285) is denied.

Dated this 13th day of October, 2026.

James A. Teilborg
Senior United States District Judge